**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CAUSE OF ACTION INSTITUTE )
1919 Pennsylvania Avenue, NW, Suite 650 )
Washington, DC 20006, )
        )
       Plaintiff, )
        )
       v. )
        )
UNITED STATES DEPARTMENT OF JUSTICE )
950 Pennsylvania Avenue, NW )
Washington, DC 20530, )
        )
       Defendant. )
_____ )

## COMPLAINT

This is an action under the Freedom of Information Act 5 U.S.C. § 552 ("FOIA"), seeking access to records that will illuminate the improper interference of the White House with Defendant Department of Justice's ("DOJ") FOIA process. These records have been requested by Plaintiff Cause of Action Institute ("Cause of Action") and improperly withheld by the DOJ.

## NATURE OF ACTION

1.     President Obama entered office with the promise that "[t]ransparency and the rule of law will be the touchstones of this presidency" and that "[t]he Freedom of Information Act is perhaps the most powerful instrument we have for making our government honest and transparent, and of holding it accountable." President Obama Delivers Remarks at Swearing-In Ceremony (Jan. 21, 2009), *available at* http://goo.gl/p97TwK. In a memorandum issued the same day, President Obama declared that "the Freedom of Information Act (FOIA), which encourages accountability through transparency, is the most prominent expression of a profound national commitment to ensuring an open Government. At the heart of that commitment is the

idea that accountability is in the interest of the Government and the citizenry alike." Presidential Memorandum for Heads of Executive Departments and Agencies Concerning the Freedom of Information Act, 74 Fed. Reg. 4683 (Jan. 21, 2009), *available at* http://goo.gl/sBlO9g.

2.      This memorandum went on to declare that, in administering FOIA, government agencies should operate on the presumption of openness and that "[t]he Government should not keep information confidential merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears. Nondisclosure should never be based on an effort to protect the personal interests of Government officials at the expense of those they are supposed to serve." *Id.*

3.      Just three months later, however, in an undisclosed April 2009 memorandum, the President's then-chief legal advisor, Gregory Craig, secretly instructed all federal agency and department general counsels to consult with the Office of the White House Counsel ("OWHC") on *all* document requests (including "Congressional Committee requests, GAO requests, judicial subpoenas, and FOIA requests") that may involve "White House equities." *See* Ex. 1 (the "Craig Memo").

4.      The phrase "White House equities" was not and still is not defined by the OWHC or other authority. Federal FOIA officials, however, have reported that agencies consult with the OWHC when requested records include anything of political interest to the Administration, especially if the information sought is politically sensitive or embarrassing. *See, e.g.,* Jeffrey Scott Shapiro, *Worse than Nixon? Obama White House accused of hiding public information*, Wash. Times, June 30, 2014, http://goo.gl/wurMai; *Why Isn't the Dep't of Homeland Sec. Meeting the President's Standard on FOIA?: Hearing before the H. Comm. on Oversight &*

*Gov't Reform*, 112th Cong. (2011) (statement of Mary Ellen Callahan, Chief Privacy Officer,

U.S. Dep't of Homeland Sec.), *available at* http://goo.gl/c2M6wN.

5.     With the Craig Memo, the White House inserted itself into the FOIA process

without statutory authority and in direct contradiction to President Obama's original promises.

By demanding access to records and otherwise influencing agencies' FOIA obligations to

produce responsive documents, the so-called "most transparent administration in history" is in

fact hindering the ability of U.S. citizens to know what their government is up to.  Indeed, the

OWHC consultation process set forth in the Craig Memo delays the ability of federal agencies to

timely respond to FOIA and other document requests.  *See, e.g.,* C.J. Ciaramella, *Report: White

House Review Hindering FOIA Releases*, Wash. Free Beacon, Mar. 21, 2014,

http://goo.gl/ieQOzG (reporting that the White House held up one journalist's FOIA request for

two years); Mark Tapscott, '*Most Transparent' White House ever rewrote the FOIA to suppress

politically sensitive docs*, Wash. Examiner, Mar. 18, 2014, http://goo.gl/BWNLWg (same).

6.     In addition, as the agencies themselves recognize, FOIA requires the production

of records to the public *unless* an enumerated exemption or special record exclusion applies.  No

such exemption or exclusion exists simply because the White House does not want the public to

know of a document.

7.     In a November 3, 1993 memorandum, the DOJ issued guidance to the FOIA

administrative and legal contacts at all federal agencies relating to any White House-originated

document.  *See* Memorandum from Associate Attorney General Webster L. Hubbell to all

Agency General Counsel (Nov. 3, 1993), *available at* http://goo.gl/5BNWke.  The expansion of

White House review under the Craig Memo into FOIA requests involving White House equities,

rather than just requests involving records that originated at the White House, has added an

additional level of review, resulted in delays that are contrary to the spirit of FOIA, violates the law, and raises serious constitutional concerns concerning the separation of powers and the First Amendment.

8.     Having learned of the Craig Memo in 2013 and concerned that its policies significantly expanded White House involvement in the document production process, Cause of Action sent a FOIA request to Defendant's Office of Information Policy seeking all "subsequent memoranda [to the 1993 memorandum] authored by DOJ or the White House addressing the referral of agency documents to the White House in response to any document request, including but not limited to requests made pursuant to FOIA (e.g., subpoena, Congress, etc.)." Ex. 2 (Letter from Cause of Action to Carmen L. Mallon, Office of Information Policy, DOJ (May 30, 2013)).

9.     Cause of Action ultimately received a one page production—a copy of the Craig Memo—in response to this request.  However, as neither the Craig Memo nor a description of the policy of referring responsive documents to the OWHC for consultation was posted on Defendant's website or included in its FOIA regulations, *see* U.S. Dep't of Justice, http://www.justice.gov/oip; 28 C.F.R. pt. 16, Cause of Action, in an attempt to better understand the consultation process, sent a second FOIA request to Defendant seeking production of the processing notes related to Plaintiff's original FOIA request.  Ex. 3 (Letter from Cause of Action to Carmen L. Mallon, Office of Information Policy, DOJ (Aug. 13, 2013)).

10.     The present Complaint concerns only this second FOIA request, which has now been pending for almost two years without a final determination.  Cause of Action therefore has no option but to initiate this lawsuit to compel Defendant to issue a final determination and produce all responsive documents without further delay.

## JURISDICTION AND VENUE

11.     Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(E)(iii).

12.     Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

13.     Cause of Action is a non-profit strategic oversight group committed to ensuring that the regulatory process is accountable, open, and fair.  In furtherance of its mission, Cause of Action regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings, analysis, and commentary to the general public.

14.     DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1) and has possession, custody, and control of records to which Cause of Action seeks access and which are the subject of this Complaint.

## STATEMENT OF FACTS

15.     On August 13, 2013, Cause of Action sent, and Defendant received, a FOIA request seeking "all records pertaining to the processing of its FOIA request dated May 30, 2013, which was assigned tracking number OIP/13-03483(F)."  Ex. 3.

16.     Cause of Action also requested to be classified as a representative of the news media for fee purposes.  *Id.*

17.     By letter dated September 5, 2013, Defendant acknowledged receipt of the August 13, 2013 FOIA request and assigned it a tracking number of OIP/13-04722(F).  Ex. 4 (Letter from Searle Slutzkin, Office of Information Policy, DOJ, to Cause of Action (Sept. 5, 2013)).

18.     In the September 5, 2013 letter, Defendant indicated that a search had been conducted and responsive records had been located.  *Id.*  Because these records contained

"information of interest to another federal agency," however, Defendant claimed that it would be unable to comply with either the twenty- or thirty-day time limits provided by FOIA. *Id.*

19.     In November 2013, Cause of Action called Defendant for an update on the request and, by e-mail dated November 20, 2013, Defendant informed Cause of Action that "our search has been completed and we are estimating that the processing of your request will take approximately six to eight weeks to complete."  Ex. 5 (Email from Searle Slutzkin, Office of Information Policy, DOJ, to Cause of Action (Nov. 20, 2013)).

20.     Two months later, on or about January 24, 2014, Cause of Action again called Defendant for an update and was informed that Defendant had not yet established a firm date for completion but that it likely would be done within the next two months.  Cause of Action made another call on or about March 21, 2014 and left a voice message requesting an update. Defendant never responded to that message.

21.     On or about June 16, 2014, Cause of Action called Defendant yet again.  This time, Defendant stated that it could not find the request in its records.  In a later call on the same day, Defendant stated that it had found the request, but that it had been closed.  Following Cause of Action's request for clarification as to why the request had been closed, Defendant called Cause of Action on or about June 23, 2014 to explain that the request in fact remained opened and would be completed in six to eight weeks.

22.     Cause of Action followed up with another phone call on or about August 6, 2014. Defendant informed Cause of Action that the completion date was still unknown and the production of responsive documents was under review.

23.     On or about February 18, 2015, following yet another call to determine the status of its request, Defendant informed Cause of Action that it once again could not find the request

in its records.  In a subsequent phone call held on or about February 25, 2015, Defendant

informed Cause of Action that it had found the request, that it remained open, but that no date

had been set for its completion.

24.     As of this date, Defendant has failed to produce any responsive documents or

otherwise issue a final determination on Plaintiff's FOIA request.

## COUNT 1

### Violation of FOIA: Failure to Comply with Statutory Deadlines

25.     Cause of Action repeats paragraphs 1 through 23.

26.     FOIA requires agencies to respond to requests within twenty (20) business days

or, in "unusual circumstances," within thirty (30) business days.  5 U.S.C. §§ 552(a)(6)(A)-(B).

If an agency requires additional time, FOIA mandates that the agency provide requesters "an

opportunity to arrange with the agency an alternative time frame for processing the request[.]"

*Id.* § 552(a)(6)(B)(ii).

27.     Defendant received Cause of Action's FOIA request on August 13, 2013, almost

two years ago.  Defendant accordingly has improperly denied Cause of Action's access to

agency records by failing to issue a final determination on Plaintiff's FOIA request within the

statutory time limit set forth in 5 U.S.C. § 552(a)(6).

28.     Defendant also has failed to comply with FOIA in that it never "arrange[d] . . . an

alternative time frame" for responding to the request.  Instead, even though Defendant has stated

that its search for responsive documents is complete, it simply has refused to produce those

documents without providing a final determination, completion date, or an invitation to contact

the agency for the purposes of negotiating an "alternative" response date.  As a result, Cause of

Action does not believe it has the ability to arrange for an alternative time frame for Defendant's

response.

29.     Cause of Action has fully exhausted its administrative remedies under 5 U.S.C.

§ 552(a)(6)(C).

## RELIEF REQUESTED

WHEREFORE, Cause of Action respectfully requests and prays that this Court:

a.  order Defendant to make a final determination and produce, within 30 days of the

    date of the Order, all records responsive to Cause of Action's FOIA request;

b.  award Cause of Action its costs and reasonable attorney fees incurred in this action

    pursuant to 5 U.S.C. § 552(a)(4)(E); and

c.  grant such other relief as this Court may deem just and proper.


Date:  July 22, 2015                              Respectfully submitted,

                                                  /s/ *Prashant Khetan*
                                                  Prashant Khetan
                                                  D.C. Bar No. 477636
                                                  prashant.khetan@causeofaction.org

                                                  CAUSE OF ACTION INSTITUTE
                                                  1919 Pennsylvania Ave., NW
                                                  Suite 650
                                                  Washington, D.C. 20006
                                                  (202) 499-4232 (telephone)
                                                  (202) 330-5842 (fax)

                                                  *Counsel for Plaintiff*